UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAVON REED,

    Defendant.

_____/

Case No. 21-20001

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE [59]**

Defendant Javon Reed is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution McKean. The matter is before the Court on Defendant's motion for compassionate release. (ECF No. 59.) The Court has reviewed the record and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

**I.**     **Background**

Defendant began serving a term of supervised release on November 17, 2021. On August 16, 2022, the Court issued a violation report and petition for warrant due to several alleged violations of the conditions of his supervised release. (ECF No. 42.) The warrant was executed on July 27, 2023. (ECF No. 58.) On August 15, 2023, Defendant appeared for a supervised release violation hearing before the Court. He admitted his guilt to five of the violations in an amended violation report and was found guilty of a sixth violation. (ECF Nos. 48, 55.) On that same day, the Court sentenced Defendant to be imprisoned

1

for a term of 15 months.[1] (ECF No. 55.) Less than two weeks later, on August 28, 2023, Defendant sent the present motion for compassionate release to the Court. (ECF No. 59, PageID.373.) Defendant states that he seeks compassionate release to be able to provide care for his two-year-old son following the death of the child's mother due to a car accident that took place on August 23, 2023. Defendant indicates that there are family members that are caring for his son but states that they cannot do so "for a long period of time."

## II.     Analysis

The compassionate release provision set forth in 18 U.S.C. § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). Under this provision, a defendant may bring such a motion on his own behalf after 1) exhausting the BOP's administrative process, or 2) thirty days have passed from the warden's receipt of a request for release from the defendant—whichever is earlier. *Id.* at 1105. Before granting compassionate release, a court must conduct the following "'three-step inquiry:'" the court must 1) "'find' that 'extraordinary and compelling reasons warrant a sentence reduction,'" 2) "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,'" and 3) "'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *Jones*, 980 F.3d at 1101). There are currently no applicable policy statements for defendant-filed compassionate release motions.[2] *See id.* at 519.

---

[1] Defendant's projected release date is August 20, 2024.
[2] This will likely change soon. The Sentencing Commission recently promulgated a proposed amendment to U.S.S.G. § 1B1.13—the policy statement that applies to

Defendant does not contend that he exhausted his administrative remedies. And the short timeframe between the entry of judgment and the filing of this motion suggests that he did not do so. But even if Defendant had satisfied the exhaustion requirement and could show extraordinary and compelling reasons, he is not entitled to relief.

Prior to granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors in 18 U.S.C. § 3553(a) to the extent that they are applicable. These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment for the offense, general and specific deterrence, protection of the public, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a).

Here, the Court found that the balance of the sentencing factors warrants Defendant's 15-month sentence less than two months ago. The death of Defendant's child's mother, while unfortunate and understandably distressing, does not tip the balance in favor of release. Thus, compassionate release would not be consistent with the § 3553(a) factors.

### III.  Conclusion

For the foregoing reasons, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

                                            s/Nancy G. Edmunds
                                            Nancy G. Edmunds
Dated: October 12, 2023         United States District Judge

---

compassionate release motions. *See* Notice of Submission to Congress of Amendments to the Sentencing Guidelines Effective November 1, 2023, 88 Fed. Reg. 28,254, 28,254-59 (May 3, 2023). If that amendment takes effect, it will make the policy statement applicable to motions brought directly by defendants. *Id.* at 28,256-57.

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager